# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| DONTE S. PERRY, individually as next friend of A'niyah Sandrea Perry and as temporary administrator of the Estate of A'niyah Sandrea Perry,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>ADRIAN BAKER-GAMBOA, JONI A. MILLER, and KIMBERLY A. ZYDONYK, in their individual capacities,<br><br>　　　Defendants. | CV 2:25-076 |

**ORDER**

Plaintiff Donte Perry initiated this action in the Superior Court of Long County, Georgia, on April 18, 2025. Dkt. No. 1-1. On May 21, 2025, Defendants filed their answer and, on the same day, removed the action to this Court. Dkt. Nos. 1, 1-2. On June 6, 2025, Defendants filed a motion for judgment on the pleadings, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c). Dkt. No. 11. Then, on June 27, 2025, Plaintiff filed an amended complaint. Dkt. No. 15. The Clerk's office, however, restricted the amended complaint from public view because Plaintiff mistakenly filed it as a "motion to amend" rather than an amended complaint. See id. On June 30, 2025, the Clerk's office issued

a deficiency notice alerting Plaintiff of the filing error and informing Plaintiff that corrective action was required within fourteen days. Dkt. No. 16. Plaintiff re-filed the amended complaint exactly fourteen days later, on July 14, 2025. Dkt. No. 21.[1] For the reasons below, Defendants' motion for judgment on the pleadings is **DENIED as moot**.

## LEGAL STANDARD

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course within twenty-one days after service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). An amended pleading "supersedes the former pleading" such that "the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (internal quotation marks and citation omitted); see also Fritz v. Standard Sec. Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982) (citations omitted) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").

---

[1] Although the most recently filed amended complaint differs from the first-filed amended complaint with regard to formatting, the two documents appear to be materially identical.

2

## DISCUSSION

Here, Plaintiff timely filed his amended complaint pursuant to Rule 15(a)(2). Dkt. No. 15. That the document was restricted from public view by the Clerk's office does not change its timeliness. Further, Plaintiff complied with the deficiency notice and re-filed the amended complaint within fourteen days. Thus, Plaintiff's amended complaint supersedes his original complaint. Defendants' motion for judgment on the pleadings, dkt. no. 11, which was directed at Plaintiff's original complaint, has thus been rendered moot. See Ray v. Bank of Am., N.A., No. 114CV02153ODEJFK, 2015 WL 11257487, at *2 (N.D. Ga. Jan. 13, 2015) (denying as moot motion for judgment on the pleadings in light of amended complaint becoming the operative pleading) (collecting cases). Should Defendants wish to renew their arguments with regard to the amended complaint, they are granted leave to do so within the time prescribed by the Federal Rules of Civil Procedure.

## CONCLUSION

Defendants' motion for judgment on the pleadings, dkt. no. 11, is **DENIED as moot**. Further, Defendants' motion to strike, dkt. no. 24, is **DENIED**.

SO ORDERED, this __29__ day of July, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA